**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES C. GAINES,<br><br>     Petitioner - Appellant,<br><br>v.<br><br>RON DAVIS, Warden,<br><br>     Respondent - Appellee. | No. 13-16191<br><br>D.C. No. 2:10-cv-01716-KJM-CHS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted April 17, 2015
San Francisco, California

Before: TROTT and GRABER, Circuit Judges, and RESTANI,** Judge.

Petitioner James C. Gaines appeals from the district court's denial of his

habeas petition under 28 U.S.C. § 2254. We review de novo the district court's

denial of the petition and for clear error the court's factual findings in support of

that denial. Runningeagle v. Ryan, 686 F.3d 758, 766 (9th Cir. 2012). We affirm.

---

 * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 ** The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

1. The district court's factual finding that Petitioner never asked the state trial judge to admit Wright's hearsay statement is not clearly erroneous. Petitioner concedes that he did not make a separate request to have the statement admitted notwithstanding the California hearsay rules. Instead, he contends that this request was "subsumed in his request for judicial immunity" for Wright. But asking the trial court to override hearsay rules is quite different than asking the court to extend immunity for the witness who made the statement. Due process did not require the state court to override California's hearsay rules sua sponte and admit Wright's statement even though Petitioner did not ask the court to do so.

2. The California Court of Appeal did not unreasonably apply clearly established federal law, 28 U.S.C. § 2254(d)(1), when it held that Wright's statement was not crucial evidence and that due process did not require its admission. Petitioner contends that the exclusion of the statement was contrary to, or involved an unreasonable application of, <u>Chambers v. Mississippi</u>, 410 U.S. 284 (1973). <u>Chambers</u> established that the exclusion of testimony pursuant to state evidentiary rules violates federal due process rights when that testimony bears persuasive assurance of trustworthiness and is critical to the defense. <u>Cudjo v. Ayers</u>, 698 F.3d 752, 754 (9th Cir. 2012). The state court reasonably concluded that at least the second prong is not met here.

**AFFIRMED**.

2